IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights |
| | ) | |
| STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY, individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and ANTHONY WILLIS, Individually, and in His official capacity as Warden of the Menard Correctional Center, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This is a civil action seeking damages against Defendants to redress deprivations under color of law of the rights, privileges, and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth amendments to the United States Constitution and the Civil Rights Act of 1971 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, ROBERT JONES, was and is a citizen of the United States of America, residing in the state of Illinois, and was within the jurisdiction of

1

this Court. Although currently on parole, Plaintiff, Robert Jones, is, involuntarily, an inmate of Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, at its Menard Correctional Center, assigned Inmate Number B73106.

4. Defendant, STATE OF ILLINOIS (hereafter "the STATE") is a state in the United States of America, which maintains an adult prison system and has the ultimate authority to set the policies in those prisons.

5. Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS (hereafter "IDOC") is a division of the government of the STATE, created by the state legislature pursuant to 20 ILCS 5/5-15, and charged with the operation of the state's adult prison system, including the Menard Correctional Center located in the Town of Chester, Randolph County, State of Illinois.

6. Defendant. ROBERT JEFFREYS (hereafter "JEFFREYS") is the Acting Director of IDOC, and who has policymaking authority within IDOC.

7. Defendant, ILLINOIS PRISONER REVIEW BOARD (hereafter "the BOARD") is a quasi-judicial body that, among other things, decides the release dates for prisoners within IDOC, including Plaintiff.

8. Defendant, JAMES MONTGOMERY (Hereafter "MONTGOMERY"), is the Chairman of the BOARD, who has policy making authority to decide the release date for prisoners within the IDOC.

9. Defendant, ANTHONY WILLIS (hereafter "WILLIS"), is the Warden of the Menard Correctional Center, who has policymaking authority to decide the release date for prisoners assigned to and being held at the Menard Correctional Center.

## FACTUAL ALLEGATIONS

10. On December 4, 2009, Plaintiff was sentenced on Counts I and II in Cook County, Illinois court number 04 CR 1533001 to a term of thirty years of incarceration at the

Illinois Department of Corrections, for each Count, to run concurrently, plus three years of Mandatory Supervised Release, and given credit for time served of 2,092 days, and all other Counts against him were dismissed.

11. At all relevant times, there was in effect in the state of Illinois a certain, 730 ILCS 5/3-6-3 "Rules and Regulations for Sentence Credit," which provides:

> (2.1) For all offenses, other than those enumerated in subdivision (a)(2)(i), (ii), or (iii) committed on or after June 19, 1998 or subdivision (a)(2)(iv) committed on or after June 23, 2005 (the effective date of Public Act 94-71) or subdivision (a)(2)(v) committed on or after August 13, 2007 (the effective date of Public Act 95-134) or subdivision (a)(2)(vi) committed on or after June 1, 2008 (the effective date of Public Act 95-625) or subdivision (a)(2)(vii) committed on or after July 23, 2010 (the effective date of Public Act 96-1224), and other than the offense of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof as defined in subparagraph (F) of paragraph (1) of subsection (d) of Section 11-501 of the Illinois Vehicle Code, and other than the offense of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof as defined in subparagraph (C) of paragraph (1) of subsection (d) of Section 11-501 of the Illinois Vehicle Code committed on or after January 1, 2011 (the effective date of Public Act 96-1230), the rules and regulations shall provide that a prisoner who is serving a term of imprisonment shall receive one day of sentence credit for each day of his or her sentence of imprisonment or recommitment under Section 3-3-9. Each day of sentence credit shall reduce by one day the prisoner's period of imprisonment or recommitment under Section 3-3-9.

12. The provisions of 730 ILCS 5/3-6-3 have always been and are applicable to Plaintiff's sentence under Cook County, Illinois court number 04CR1533001.

13. Accordingly, Plaintiff's period of incarceration under Cook County, Illinois court number 04CR1533001 should have ended no later than March 14, 2019, and his three-year period of Mandatory Supervised Release should have ended no later than March 14, 2022.

14. On August 17, 2011, Plaintiff entered into a plea agreement on Counts II, III, and IV in Cook County, Illinois court number 04 CR 1542901 by which he was sentenced to a term of twenty-five years of incarceration at the Illinois Department of Corrections, for each of

Counts II and III, to be served at fifty percent, and a term of fifteen years on Count IV, to be served at eighty-give percent, all three sentences to run concurrently with each other and Plaintiff's sentence in 04 CR 1533001, plus three years of Mandatory Supervised Release, given credit for time served of 2,640 days, and all other Counts against him were dismissed.

15. Accordingly, Plaintiff's period of incarceration under Cook County, Illinois court number 04CR1542901 should have ended no later than February 23, 2017.

16. In addition to the statutory sentence reductions pursuant to 730 ILCS, 5/3-6-3, Plaintiff was and is entitled to an additional reduction of his sentences due to his good behavior, including but not limited to reductions of his sentence pursuant to 730 ILCS 130/3, while serving time at the Cook County Jail.

17. During all times relevant to this matter, Plaintiff has not been convicted of any other offenses, and Plaintiff is not and has not been subject to incarceration for any other offenses than those contained in 04 CR 1533001 and 04 CR 1542901.

18. Defendants have set Plaintiff's Projected Discharge Date for March 15, 2025.

19. At all times relevant, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983 created a duty in Defendants to guarantee Plaintiff's freedom and liberty after he served the above sentences.

20. At all times relevant, Defendants knew or reasonably should have known that Plaintiff has fully served his periods of incarceration for the above matters and is no longer subject to any incarceration or other restrictions on his liberty.

21. At all times relevant, Defendants, acting under the color of law, willfully, knowingly, intentionally, and/or recklessly continued to keep Plaintiff in their custody when they knew or reasonably should have known that Plaintiff had fully served his sentences for the above matters and was no longer subject to any restrictions on his liberty.

# COUNT I – 42 U.S.C. §1983
# FALSE IMPRISONMENT
# AGAINST ALL DEFENDANTS

22. Plaintiff reincorporates and realleges paragraphs 1 through 21, as though fully set forth herein.

23. Defendants, acting under the color of law and within their authorities to determine Plaintiff's release date from incarceration, willfully, knowingly, intentionally, and/or recklessly caused Plaintiff's incarceration and detention to be extended beyond his sentencing periods without probable cause of any other justification, thus violating Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

24. As a direct and proximate consequence of said misconduct by the Defendants, the Plaintiff suffered violations of his constitutional rights, loss of liberty, loss of freedom, emotional distress, monetary loss, and expense.

WHEREFORE, Plaintiff, ROBERT JONES, prays for judgment against Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY, individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and ANTHONY WILLIS, Individually, and in his official capacity as Warden of the Menard Correctional Center, and demands compensatory damages, punitive damages, attorney's fees, the costs of this action, plus any additional relief as the Court deems equitable and just.

## COUNT II – 42 U.S.C. §1983
## DEPRIVATION OF LIBARTY WITHOUT DUE PROCESS OF LAW
## AGAINST ALL DEFENDANTS

25. Plaintiff reincorporates and realleges paragraphs 1 through 24, as though fully set forth herein.

26. As a result of the forementioned misconduct, Defendants deprived Plaintiff of his liberty without due process of law.

27. As a direct and proximate consequence of said misconduct by the Defendants, the Plaintiff suffered violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth amendments, loss of liberty, loss of freedom, emotional distress, monetary loss, and expense.

WHEREFORE, Plaintiff, ROBERT JONES, prays for judgment against Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY, individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and ANTHONY WILLIS, Individually, and in his official capacity as Warden of the Menard Correctional Center, and demands compensatory damages, punitive damages, attorney's fees, the costs of this action, plus any additional relief as the Court deems equitable and just.

## CONCLUSION

WHEREFORE, the Plaintiff, by and through his attorneys, the LAW OFFICES OF STEPHANIE L. WHITE, P.C., requests judgment as follows against Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of

Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY, individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and ANTHONY WILLIS, Individually, and in his official capacity as Warden of the Menard Correctional Center, and each of them for the following items of damages:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

4. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred;

5. That the Defendants be required to pay Plaintiff's reasonable attorneys' fees for bringing this action; and;

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: _____
Daniel K. Fritz

Atty. No. 6198758
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**