IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. **1:24-cv-03168** |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights |
| | ) | |
| STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY, individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and ANTHONY WILLIS, Individually, and in His official capacity as Warden of the Menard Correctional Center, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## INITIAL STATUS REPORT FOR NEW CASE

This case has been assigned to the calendar of Judge LaShonda A. Hunt. The parties are directed to meet pursuant to Federal Rule of Civil Procedure 26(f) and conduct a planning conference, and file a joint Initial Status Report for New Case, containing the following information:

**I.** **The Nature of the Case:**

A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

**Plaintiff's Counsel:**
Law Offices of Stephanie L. White, P.C.
161 N. LaSalle Street
Suite 2550
Chicago, IL 60601
312-380-7900
Attorneys Stephanie L. White (Lead) swhite@slw-law.com
Daniel K. Fritz dfritz@slw-law.com

**Defendants' Counsels**

The Defendants have not yet been served.

Summonses were placed with the clerk on July10, 2024.

- B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

    The Plaintiff's Complaint is brough pursuant to 42 U.S.C. §1983 and seeks monetary compensation for damages arising from False Imprisonment and Deprivation of Liberty.

- C. Briefly identify the major legal and factual issues in the case.

    The Plaintiff is a prisoner of the State of Illinois and currently on Mandatory Supervised Release (MSR), which is not scheduled to end until March 15, 2025.

    The Plaintiff was sentenced under two separate cases, 04 CR 1533001 and 04 CR 1542901, and assigned to the Menard Correctional Center where he served his incarceration.

    In the 04 CR 1533001 case, on December 4, 2009, Plaintiff was convicted and ultimately sentenced to a period of 30 years' incarceration plus three years of MSR with 2,092 days credit for time served. Plaintiff claims he was entitled to Sentence Credit, pursuant to 730 ILCS 5/3-6-3, and his period of incarceration should have ended no later than March 14, 2019 with his MSR ending no later than March 14, 2022.

    In the 04 CR 1542901 case, on August 17, 2011, Plaintiff entered into a plea agreement whereby he was sentence to 25 years at 50% on some counts and 15 years at 85% on another count with three years of MSR, all sentences to run concurrently with each other and the sentence in the 04 CR 1533001 case, with 2,640 days credit for time served. Plaintiff claims this sentence should have ended no later than February 23, 2017.

- D. State the relief sought by any of the parties.

    The Plaintiff seeks release from his current sentence, including Mandatory Supervised Release and monetary compensation for his loss of liberty.

II. **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

- A. Identify all federal statutes on which federal question jurisdiction is based.

    Jurisdiction is predicated upon 28 U.S.C. §1343 and 1331.

Venue is predicated upon 28 U.S.C. §1391.

The matter alleges deprivations under the color of law of the rights, privileges, and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution of the Civil Rights Act of 1971, under 42 U.S.C. §1983.

B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

1. State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

2. Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

**NOTE 1**: Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. See Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

**NOTE 2**: A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

Not applicable

III. **Status of Service:** Identify any defendants that have not been served.

Summonses for all Defendants were placed with the clerk's office on July 10, 2024, and service is anticipated over all Defendants by July 31, 2024.

There have been no communications with the Defendants or any counsel on their behaves.

IV. **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

Plaintiff consents to proceed before a United State Magistrate Judge.

V. **Motions**:

A. Briefly describe any pending motions.

There are no pending motions.

B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

Plaintiff is unaware of any defenses that may be asserted.

**VI.** **Case Plan**:

A. Submit a proposal for a discovery plan, including the following information[1]:

1. The general type of discovery needed;

    Written discovery in the form of interrogatories and requests for production of documents will be required.

    Party depositions will be required.

2. A date for Rule 26(a)(1) disclosures;

    Plaintiff proposes a date sixty days after all Defendants have filed their appearances in the case.

3. First date by which to issue written discovery;

    Plaintiff proposes that written discovery be issued within thirty days after all partis are at issue.

4. Deadline to amend pleadings and join parties;

    Plaintiff proposes that he should be allowed to amend his pleadings and join additional parties up until discovery closes.

5. A fact discovery completion date;

    Plaintiff anticipates that discovery may take twelve months after the parties are at issue.

6. An expert discovery completion date, including dates for the delivery of expert reports; and

    Plaintiff does not know whether he will require a controlled expert witness at this time.

7. Whether either party anticipates filing dispositive motions. Please note that a schedule is typically set once all discovery is complete.

      Plaintiff does not know what dispositive motions may be proper at this time.

  B. With respect to trial, indicate the following:

    1. Whether a jury trial is requested; and

     Plaintiff has requested a trial by jury.

    2. The probable length of trial.

     Plaintiff anticipates the trial may last seven to ten days.

**VII.** **Status of Settlement Discussions**:

  A. Indicate whether any settlement discussions have occurred;

   None at this time.

  B. Describe the status of any settlement discussions; and

   None at this time.

  C. Whether the parties request a settlement conference.

   Unknown to Plaintiff at this time.

---

[1] For patent cases, the proposed schedule should follow the schedule set forth in the Local Patent Rules.