IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Jones, | ) |
|     Plaintiff, | ) ) ) ) Case no. 1:24-cv-03168 |
| v. | ) ) ) The Honorable LaShonda A. Hunt |
| State of Illinois, *et al.*, | ) ) |
|     Defendants. | ) |

### **DEFENDANTS' MOTION TO DISMISS**[1]

The defendants, Latoya Hughes solely in her official capacity as Acting Director of the Illinois Department of Corrections and Anthony Willis in his official capacity as warden of Menard Correctional Center—and individual capacity for purposes of this Motion—by their attorney, Kwame Raoul, Attorney General of Illinois, hereby move to dismiss Plaintiff's complaint with prejudice under Rules of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6) for the following reasons:

### Introduction

1. Plaintiff Robert Jones alleges in this 42 U.S.C. § 1983 action that when he was criminally sentenced, Illinois law required that he must serve a three-year term of mandatory supervised release (MSR)—a form of parole—after leaving

---

[1] At 3:00 p.m. on November 20, 2024, undersigned counsel sent an email to Plaintiff's counsel of record, Attorneys Stephanie White and Daniel Fritz, to inquire as to Plaintiff's position on this instant motion, and proposing a briefing schedule of 28 days to respond and 14 days to reply.

At 3:53 p.m. on November 20, undersigned counsel telephoned Attorney Stephanie White at (312) 380-7900 but did not receive an answer. Counsel left a voicemail requesting that either Attorney White or her associate, Attorney Fritz, return his call to discuss this motion and a proposed briefing schedule. As of the filing of this motion, Defendants' counsel has not heard back from Plaintiff's counsel.

imprisonment. He contends that he is on MSR unlawfully and demands only money damages. However, because parole is a form of custody and habeas corpus proceedings are the exclusive remedy for unlawful custody, Plaintiff's claims under 42 U.S.C. § 1983 are barred. See *Hankins v. Lowe*, 770 F. App'x 756, 757 (7th Cir. 2019).

2. Notwithstanding the bar to Plaintiff's section 1983 action, Plaintiff's First Amended Complaint must be struck for several other fundamental reasons. <u>First</u>, Plaintiff has not alleged sufficient facts to establish venue, where Plaintiff was released from imprisonment in Menard, Illinois, and any actions by a proper defendant would have occurred there because that is the location of his master file and IDOC sentencing calculations. <u>Second</u>, Plaintiff's prayer for money damages must be struck because Defendants enjoy sovereign immunity under the Eleventh Amendment as they are sued solely in an official capacity, and fails to allege any facts about their personal conduct sufficient to establish personal involvement under section 1983. <u>Fourth</u>, even if venue were proper, Plaintiff's claim must be clarified by this Court to arise solely from a single count under the Eighth Amendment, not the Fourth, Fifth, or Fourteenth Amendments, and count II is duplicative of count I and must be struck.

## **<u>Background</u>**

Plaintiff Robert Jones, currently released on MSR through Menard Correctional Center under inmate number B73106, alleges that he is being unlawfully "held" beyond his lawful release date. (Am. Compl. ¶ 3.) He attempts to

imprisonment. He contends that he is on MSR unlawfully and demands only money damages. However, because parole is a form of custody and habeas corpus proceedings are the exclusive remedy for unlawful custody, Plaintiff's claims under 42 U.S.C. § 1983 are barred. See *Hankins v. Lowe*, 770 F. App'x 756, 757 (7th Cir. 2019).

2. Notwithstanding the bar to Plaintiff's section 1983 action, Plaintiff's First Amended Complaint must be struck for several other fundamental reasons. <u>First</u>, Plaintiff has not alleged sufficient facts to establish venue, where Plaintiff was released from imprisonment in Menard, Illinois, and any actions by a proper defendant would have occurred there because that is the location of his master file and IDOC sentencing calculations. <u>Second</u>, Plaintiff's prayer for money damages must be struck because Defendants enjoy sovereign immunity under the Eleventh Amendment as they are sued solely in an official capacity, and fails to allege any facts about their personal conduct sufficient to establish personal involvement under section 1983. <u>Fourth</u>, even if venue were proper, Plaintiff's claim must be clarified by this Court to arise solely from a single count under the Eighth Amendment, not the Fourth, Fifth, or Fourteenth Amendments, and count II is duplicative of count I and must be struck.

## **Background**

Plaintiff Robert Jones, currently released on MSR through Menard Correctional Center under inmate number B73106, alleges that he is being unlawfully "held" beyond his lawful release date. (Am. Compl. ¶ 3.) He attempts to

bring this action under 42 U.S.C. § 1983 against Defendants LaToya Hughes, Acting Director of the Illinois Department of Corrections (IDOC); James Montgomery, Chairman of the Illinois Prisoner Review Board; and Anthony Willis, Warden of Menard Correctional Center, in their official capacities. (Am. Compl. ¶¶ 4–6.) He alleges two counts. Count I is for "False Imprisonment," and Count II is for "Deprivation Of Lib[e]rty Without Due Process of Law." Both counts invoke 42 U.S.C. § 1983.

Plaintiff alleges that on December 4, 2009, Plaintiff was sentenced in Cook County case number 04 CR 1533001 to two concurrent thirty-year terms of imprisonment for two counts of armed robbery with a firearm, with an additional three years of mandatory supervised release, and credited with 2,092 days (approximately 5.8 years) of time served. (Am. Compl. ¶ 7.) Plaintiff asserts that, pursuant to the Illinois Unified Code of Corrections' day-for-day credit system—effectively cutting his sentence by 50%—his service under that case would have ended by March 14, 2019, and that he remains in "custody" under MSR (i.e., parole). (Am. Compl. ¶ 10.)

Plaintiff does not allege when he was actually released from imprisonment, but nonetheless alleges he should not currently be on MSR in the custody of the IDOC. Plaintiff alleges that "Defendants" (without saying who, or what they did specifically) have wrongly set his projected discharge date from parole as March 15, 2025, when it ought to be March 15, 2022. (Am. Compl. ¶ 15.)

Notably, Plaintiff does not allege any specific actions taken by Defendants Hughes or Willis that resulted in his continued incarceration or any personal awareness or personal involvement other than conclusory statements of "willfully, knowingly, intentionally, and/or recklessly continued to keep Plaintiff in" custody. The amended complaint lacks factual allegations detailing how Defendant Hughes, as Acting Director of IDOC, personally participated in or was responsible for calculating Plaintiff's release dates. (See Am. Compl. ¶¶ 4, 23.) Similarly, there are no specific allegations against Defendant Willis, the Warden of Menard Correctional Center, demonstrating his personal involvement in Plaintiff's alleged over-incarceration or MSR term. (See Am. Compl. ¶¶ 6, 27.)

Plaintiff broadly asserts that Defendants, acting under color of state law, "willfully, knowingly, intentionally, and/or recklessly continued to keep Plaintiff in their custody when they knew or reasonably should have known that Plaintiff had fully served his sentences." (Am. Compl. ¶ 18.) However, he provides no factual support for how each Defendant had knowledge of his alleged entitlement to release or how they personally contributed to the alleged constitutional violations.

### Argument

3.  Plaintiff's complaint must be dismissed in its entirety for several reasons. First, Plaintiff's claim of unlawful "custody" on parole is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963). Second, the amended complaint fails to establish that venue is proper in the Northern District of Illinois. Third, the claims against the IDOC officials in their

official capacities are barred by sovereign immunity and are not actionable under 42 U.S.C. § 1983 because these entities and individuals in their official capacities are not "persons" under the statute. Fourth, the complaint does not allege sufficient facts to state a plausible claim for relief against any Defendant, particularly in failing to show that any Defendant was personally involved with the alleged over-incarceration of the Plaintiff. Lastly, Plaintiff's pleading must clarify that it is brought only under the specifically-controlling constitutional provision applicable to sentencing—the Eighth Amendment—and not the Fourth, Fifth, or Fourteenth Amendments, and because Count II substantively duplicative of Count I, Count II must be struck.

**I.   Habeas corpus is the sole and exclusive remedy to Plaintiff, barring his claim under 42 U.S.C. § 1983.**

4. "Although damages are not an available habeas remedy, . . . a § 1983 suit for damages that would necessarily imply the invalidity of the fact of an inmate's conviction, or necessarily imply the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.

5. The Court of Appeals for the Seventh Circuit has squarely addressed how *Heck* applies to the context of parole and mandatory supervised release. "*Heck* bars a § 1983 action where: (1) favorable judgment would necessarily call into

question the validity of the underlying conviction or sentence and (2) the plaintiff could have pursued collateral relief but failed to do so in a timely manner." *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012). "Release from prison does not, standing alone, eliminate the possibility of habeas corpus relief because mandatory supervised release often entails sufficient restraints on liberty to meet the "in custody" requirement of habeas corpus." *Id.* at 435. See also *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006) ("[A]ny challenge to the fact or duration of custody must proceed under § 2254 or an equivalent statute. ... Only after the custody is over may the prisoner use § 1983 to seek damages against persons who may have been responsible; indeed, the § 1983 claim does not accrue until the custody ends."); *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) ("[A]ny section 1983 action challenging the fact or length of confinement does not accrue until the underlying confinement has been invalidated through a direct appeal, post-conviction relief, or some other means.").

6.  In this Circuit and under Supreme Court precedent, parole is not just a form of "custody," it is similarly subject to habeas relief just like imprisonment is. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018); *Jones v. Cunningham*, 371 U.S. 236, 241 (1963). Thus, a person who fails to seek a petition for a writ of habeas corpus

while on parole blocks the section 1983 remedy. *Burd v. Sessler*, 702 F.3d 429, 435-36 (7th Cir. 2012).

7. Here, Plaintiff alleges that he already served his MSR term and should be taken off of it. Although Plaintiff does not allege when precisely he was released from imprisonment, he alleges unequivocally that he is "Plaintiff remains a prisoner of IDOC" and that he "is, involuntarily, an inmate of the State of Illinois' Department of Corrections at its Menard Correctional Center, assigned Inmate Number B73106." (Am. Compl. ¶¶ 3, 24, 26, 28.) He thus seeks damages for continued, unlawful custody for which habeas is his sole remedy. See also *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (claim cannot accrue because "the existence of ongoing detention forbids a suit for damages contesting that detention's validity.") Accordingly, his claims must be dismissed.

## II. The Northern District is not a proper venue, and this action must be transferred to the Southern District of Illinois.

8. The Amended Complaint fails to establish that venue is proper in the Northern District of Illinois. Under 28 U.S.C. § 1391(b), venue is appropriate in a judicial district where any defendant resides, if all defendants reside in the same state, or where a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff bears the burden of demonstrating that venue is proper. *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970). In this case, the events alleged in the Amended Complaint occurred at the Menard Correctional Center, which is located in Chester, Illinois, within the Southern District of Illinois.

Plaintiff does not allege that any significant actions by the Defendants occurred in the Northern District.

9. Plaintiff's claims primarily concern the alleged miscalculation of his sentence and release date, which are matters tied to the administrative processes of the Illinois Department of Corrections and the operations of Menard Correctional Center. The Amended Complaint does not point to any specific conduct or decision-making by Defendants that occurred in the Northern District. While Plaintiff references his initial sentencing in Cook County, Illinois, which is located in the Northern District, those court proceedings are not the basis of his claims. The claims instead focus on the alleged unconstitutional extension of his incarceration and MSR term, all of which occurred outside this District. Venue, thus, is not established under section 1391(b)(3).

10. Additionally, Plaintiff does not allege that the named Defendants reside in the Northern District. Venue is therefore improper under both § 1391(b)(1) and § 1391(b)(2). When venue is improper, the case must be dismissed or transferred under 28 U.S.C. § 1406(a). Given that the Southern District of Illinois is the appropriate forum where the alleged conduct occurred, this Court should dismiss the Amended Complaint or transfer it to the Southern District of Illinois.

### III. Plaintiff's Claims Against official-capacity Defendants Must Be Dismissed because the Eleventh Amendment Bars Such Claims unless solely equitable relief is sought.

11. Plaintiff's claims against Defendants in their official capacities must be dismissed because they are barred by the Eleventh Amendment to the United States

Constitution. The Eleventh Amendment prohibits suits in federal court against a state or state officials acting in their official capacities for monetary damages unless immunity has been explicitly waived by the state or abrogated by Congress. Neither of these exceptions applies here. Illinois has not waived its sovereign immunity for § 1983 claims, and Congress has not abrogated this immunity. As a result, the claims against Defendants in their official capacities are jurisdictionally barred.

12. Additionally, under § 1983, state officials sued in their official capacities are not considered "persons" subject to liability for monetary damages. The Supreme Court has clearly held that neither a state nor its officials acting in their official capacities are "persons" under § 1983 for purposes of monetary relief. Plaintiff seeks only monetary damages in the form of general, special, and punitive damages, along with attorney's fees and costs. There is no request in his Amended Complaint for prospective injunctive relief that could invoke the narrow exception to sovereign immunity under *Ex parte Young*, 209 U.S. 123 (1908). Without such a claim, Plaintiff's official-capacity claims must be dismissed.

13. Furthermore, Plaintiff's Amended Complaint fails to clarify whether Defendants are being sued in their official or individual capacities. In the original Complaint, Plaintiff specified that claims against Anthony Willis, Rob Jeffreys, and James Montgomery were brought in both their individual and official capacities. The Amended Complaint, however, omits this specification. Under Seventh Circuit precedent, when a plaintiff does not clearly specify the capacity in which defendants are sued, it is presumed that the claims are against defendants in their official

capacities. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). This is particularly appropriate when the allegations of the pleading focus on the individuals' official roles and policies rather than their personal involvement in the underlying claim. (Am. Compl. ¶¶ 4-6) (alleging Hughes, Mongomery, and Willis have "policymaking authority to decide the release date for prisoners," rather than direct personal involvement). This presumption applies here and underscores that Plaintiff's claims are effectively against the state itself, triggering Eleventh Amendment immunity. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law").

14. For these reasons, Plaintiff's official-capacity claims against Defendants must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

### IV. Plaintiff does not allege any specific conduct of any Defendant, and his conclusory statements are not entitled to the presumption of truth.

15. Plaintiff's claims against Defendants fail because the Amended Complaint does not allege sufficient facts to plausibly establish personal involvement by any Defendant in the alleged unconstitutional over-incarceration (whether that be Plaintiff's actual imprisonment or MSR term).

16. To state a claim under 42 U.S.C. § 1983, Plaintiff must show that each Defendant was personally responsible for the alleged deprivation of his constitutional rights. The Plaintiff must show that the government official is being held liable only "for his or her own misconduct," and not for the "misdeeds of [his] agents." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 677 (2009). Without specific allegations of personal involvement, Plaintiff cannot sustain a claim under § 1983 against the named Defendants. As noted by the Court in *Iqbal*, allegations that amount to "formulaic recitation of the elements" of a claim are conclusory and "not entitled to be assumed true"; it is the conclusory nature of such allegations, not their potential implausibility, that disentitles them to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (allegations of "knew of, condoned, and willfully and maliciously" acted, without more, are "bare assertions," amount to "nothing more than a 'formulaic recitation of the elements'").

17. The Amended Complaint does not meet this standard. While Plaintiff alleges that Defendants prolonged his incarceration, he fails to identify any specific actions or decisions made by Latoya Hughes, James Montgomery, or Anthony Willis that caused the alleged harm. For instance, Plaintiff does not allege that Hughes, as Acting Director of the Illinois Department of Corrections, took any direct role in determining or extending his sentence. Similarly, there are no allegations that Montgomery, as Chairman of the Illinois Prisoner Review Board, personally participated in any proceedings or decisions related to Plaintiff's release. Finally, Plaintiff provides no facts to suggest that Willis, as Warden of Menard Correctional Center, engaged in or oversaw conduct that contributed to the alleged over-incarceration.

18. Liability under § 1983 cannot rest on such vague or conclusory allegations, nor can it be based on the mere fact that Defendants held supervisory

positions. Indeed, supervisory liability is not available under § 1983 (*Iqbal*, 556 U.S. at 677), and even if it were, the courts of this Circuit require more than a general assertion that a defendant had policymaking authority or oversight responsibilities. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation . . .") Plaintiff must allege specific actions or inactions by each Defendant that demonstrate their direct involvement in the alleged constitutional violation. *Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010) (must show basis for knowledge, facilitation, approval, or condoning).

19. The Amended Complaint offers no such allegations, making the claims insufficient under the plausibility standard established by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Again, supervisory liability is not recognized under section 1983, but without facts demonstrating some involvement with Plaintiff's sentencing and MSR term, Plaintiff's claims amount to an impermissible attempt to impose liability based on Defendants' positions of authority rather than their actual conduct. Such claims must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### V. Claims Under the Fourth, Fifth, and Fourteenth Amendments Are Inapplicable, and Count II is duplicative of Count I.

20. In his amended complaint, Plaintiff brings two counts, alleging false imprisonment (Count I) and deprivation of liberty without due process of law (Count II) under 42 U.S.C. § 1983. These counts reference violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. However, the Fourth, Fifth, and Fourteenth

Amendments are inapplicable to Plaintiff's allegations, as the Eighth Amendment provides the appropriate constitutional framework for claims related to over-incarceration. Moreover, Count II is duplicative of Count I and should be struck.

21. The Supreme Court has consistently held that when a specific constitutional provision directly addresses a particular type of government conduct, that provision governs over a more generalized substantive due process claim. *County of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998) (""Where a particular Amendment provides an explicit textual source of constitutional protection against a particular source of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [those] claims."); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (after conviction, Eighth Amendment is primary source of substantive protection of prison conduct, and any protection that "substantive due process" affords convicted prisoners is at best redundant of the Eighth Amendment).

22. In this case, Plaintiff's allegations center on his claim that Defendants unlawfully prolonged his custody beyond the end of his lawful sentence. Such claims are appropriately analyzed only under the Eighth Amendment's prohibition against cruel and unusual punishment, which addresses the deliberate indifference of government officials to an individual's right to be free from unlawful detention.

23. The Fourth Amendment, which governs pretrial detention and issues related to searches and seizures, is inapplicable to claims arising after conviction and sentencing. *Hudson v. Palmer*, 468 U.S. 517 (1984). Similarly, the Fifth Amendment

does not apply here because it governs actions by federal actors, and Plaintiff's claims involve only state officials. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). While Plaintiff also invokes the Fourteenth Amendment, its Due Process Clause does not provide an independent basis for relief in this context because substantive due process protections under the Fourteenth Amendment are redundant where a specific constitutional provision, such as the Eighth Amendment, applies. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Seventh Circuit has affirmed that the Supreme Court's Eighth Amendment deliberate-indifference framework controls over-incarceration or prolonged detention claims. *Figgs v. Dawson*, 829 F.3d 895, 902-903 (7th Cir. 2016). References to the Fourth, Fifth, and Fourteenth Amendments therefore should be struck.

24. Additionally, Count II of Plaintiff's amended complaint is duplicative of Count I. "One count [of a complaint] may be dismissed as duplicative of another where 'the parties, claims, facts and requested relief are substantially the same.'" *Lansing v. Carroll*, No. 11 C 4153, 2012 U.S. Dist. LEXIS 144250, 2012 WL 4759241, at *1 (N.D. Ill. Oct. 5, 2012) (Lefkow, J.) (citing *Van Vliet v. Cole Taylor Bank*, No. 10 CV 3221, 2011 U.S. Dist. LEXIS 4640, 2011 WL 148059, at *2 (N.D. Ill. Jan.18, 2011) (Valdez, J.) (citing *Norfleet v. Stroger*, 297 Fed. Appx. 538, 540 (7th Cir. 2008)). The Rules also give this Court power to strike from a pleading "any <u>redundant</u>, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Count II therefore should be dismissed as redundant and duplicative because it is substantively and factually identical to Plaintiff's claim in Count I. Both counts arise

from the same factual allegations and seek redress for the same alleged harm: Plaintiff's continued incarceration beyond his lawful release date. While Count II is framed as a due process claim, its substance mirrors the false imprisonment claim in Count I. Courts routinely strike duplicative claims that add no new legal theories or distinguishable facts to the litigation. Here, Count II serves no independent purpose and should be struck to streamline these proceedings.

25. For these reasons, Plaintiff's reliance on the Fourth, Fifth, and Fourteenth Amendments is misplaced, and Count II should be dismissed as duplicative of Count I. These constitutional provisions and the redundant count II do not provide any additional or independent basis for relief. Accordingly, this Court should dismiss the claims under the Fourth, Fifth, and Fourteenth Amendments (leaving the Eighth Amendment as the substantive constitutional provision at issue) and strike Count II.

*Meet and Confer Steps*

26. At 3:00 p.m. on November 20, 2024, undersigned counsel sent an email to Plaintiff's counsel of record, Attorneys Stephanie White and Daniel Fritz, to inquire as to Plaintiff's position on this instant motion, and proposing a briefing schedule of 28 days to respond and 14 days to reply.

27. At 3:53 p.m. on November 20, undersigned counsel telephoned Attorney Stephanie White at (312) 380-7900 but did not receive an answer. Counsel left a voicemail requesting that either Attorney White or her associate, Attorney Fritz, return his call to discuss this motion and a proposed briefing schedule.

WHEREFORE, the Latoya Hughes in her official capacity as Acting Director of the Department of Corrections, and Anthony Willis in his official and individual capacities, pray that this Court enter an order providing for the following: (1) dismissing Plaintiff's complaint under *Heck v. Humphrey* and, alternatively: (2) dismissing Plaintiff's Complaint for improper venue or, alternatively, to transfer this action to the District Court for the Southern District of Illinois; (3) dismissing all Official Capacity Defendants for lack of subject matter jurisdiction under Rule of Civil Procedure 12(b)(1) and the Eleventh Amendment of the U.S. Constitution; (4) dismissing Anthony Willis in his personal capacity; and (5) striking Plaintiff's claims as to the Fourth, Fifth, and Fourteenth Amendments.

Date: November 20, 2024

        Respectfully submitted,

        KWAME RAOUL
        Attorney General of Illinois

        */Daniel N. Robbin/*
        Daniel Noah Robbin
        Bar No. 6321386
        Assistant Unit Supervisor, Prisoner Litigation
        Government Representation Division
        Office of the Attorney General
        115 S. La Salle St.
        Chicago, Illinois 60603
        (312) 814-7199
        daniel.robbin@ilag.gov