IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-03168 |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights |
| | ) | |
| LATOYA HUGHES, | ) | |
| JAMES MONTGOMERY, and | ) | |
| ANTHONY WILLIS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S §2-1401 PETITION TO VACATE ORDERS OF FEBRUARY 14, 2025 GRANTING SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, ROBERT JONES, by his attorneys, the Law Offices of Stephanie L. White, P.C., pursuant to 735 ILCS 5/2-1401, and moves this Court to vacate its orders of February 14, 2025 granting summary judgment and dismissing this matter with prejudice as follows:

1.     This matter was filed on April 19, 2024 with counsel of record for the Plaintiff being Daniel K. Fritz with the Law Offices of Stephanie L. White, P.C. (Exhibit A – Civil Cover Sheet Document 1).

2.     The Law Offices of Stephanie L. White, P.C., is a small practice consisting of two attorneys, Stephanie L. White, and Daniel K. Fritz.

3.     Daniel K. Fritz has been the managing and handling attorney for the Plaintiff, as evidenced by his name appearing as the only counsel for the Plaintiff on the Civil Action Coversheet (Exhibit A – Document 1) his signatures on the Complaint (Exhibit B – Document 2), the First Amended Complaint (Exhibit C – Document 17), Plaintiff's Motion to Substitute Defendants (Exhibit D – Document 18), and Plaintiff's Motion to Dismiss the State Defendants

1

(Exhibit E – Document 19). Although unsigned, Daniel K. Fritz wrote the Initial Status Report

Exhibit F – Document 5). Attorney Daniel K. Fritz also attended all of the court calls for this

matter prior to the last one when it was dismissed.

4.     However, the Pacer system reflects that attorney Stephanie L. White is the

Plaintiff's counsel, and only her email address is listed.

5.     The dismissal of this matter arises from the Plaintiff's counsel's failure to respond

to the Defendants' Motion to Dismiss, which was inadvertent and caused, in part, by attorney

Fritz not receiving emails from the clerk and, in part, by a particularly busy trial schedule for the

Law Offices of Stephanie L. White, P.C., during the relevant timeframe.

6.     The Defendants filed their Motion to Dismiss on November 20, 2024, and the

case was dismissed on February 14, 2025. During the months leading up to and surrounding

those dates, both of the attorneys at the Law Offices of Stephanie L. White were engaged in or

preparing for five separate trials, three of which proceeded to jury verdicts as follows:

> A.     On October 15, 2024, counsel for the Plaintiff began a jury trial in the case
>
> of *Dontas v. Eurolux, et. al.*, Cook County Court No. 2020 L 001332
>
> (Exhibit G), and that case was tried to a jury verdict on October 25, 2024
>
> (Exhibit H);
>
> B.     Less than one week later, on November 1, 2024, counsel for the Plaintiff
>
> began a jury trial in the case of *Does v. Orland Park School District 135,*
>
> *v. Pickens,* Cook County Court No. 2020 L 013740 (Exhibit I), and that
>
> case was tried to a jury verdict on November 26, 2024 (Exhibit J);
>
> C.     Counsel for the Plaintiffs were scheduled to begin a jury trial in the case of
>
> *Hampton v. Adams,* Cook County Court No. 2023 L 001170, on January

2

21, 2024 (Exhibit K), and that matter settled shortly before the trial date and was dismissed on January 17, 2025 (Exhibit L);

D.   On February 6, 2025, counsel for the Plaintiff began a jury trial in the matter of *Doe v. The Pacific Langham Corporation*, Cook Court No. 2022 L 008301 (Exhibit M), and that case was tried to a jury verdict on February 26, 2025 (Exhibit N);

E.   On March 4, 2025, counsel for the Plaintiff began a jury trial in the matter of *Blair v. Homewood Flossmoor Community School District 233*, Cook County Court No. 2022 L 010964 (Exhibit O), and that matter settled and was dismissed on March 14, 2025 (Exhibit P).

7.   With the exception of *Hampton v. Adams*, all of the foregoing were complex cases involving expert witnesses, all but one of which resided out of state.

8.   The preparations, scheduling, and daily court attendances associated with the above trials, coupled with the fact that attorney Fritz did not receive emails from the Clerk regarding this matter, resulted in his inadvertent failure to docket the briefing schedule and hearing order in this matter regarding the Defendants' Motion to Dismiss, which was entered on November 21, 2024 (three weeks into the *Does v. Orland Park School District 135, v. Pickens* trial).

9.   In the Court's order of February 14, 2025, counsel for the Defendants apparently indicated that he reached out to counsel for the Plaintiffs but received no response. However, attorney Fritz spoke with attorney Robbins about his motion, and attorney White responded to an email regarding the briefing schedule on November 21, 2024, while counsel for the Plaintiff was

on trial, and indicated that Plaintiffs' counsel was on trial and had not been able to review the Defendants' motion (Exhibit Q).

10.     Attorney Fritz discovered his error shortly after the last of the above trials ended and moves promptly to vacate the dismissal, after advising the Plaintiff of the error, allowing the Plaintiff to consider retaining other counsel, and obtaining the Plaintiff's written permission to proceed with this motion .

11.     Illinois law recognizes that a petitioner is entitled to relief from a final judgment when (1) there is a meritorious claim or defense, (2) he was diligent in presenting his claim in the original action, and (3) he was diligent in presenting his Section 2-1401 petition. See *Cavit v. Repel*, 2015 IL App (1st) 133382, 32 N.E. 3d 712, 293 Ill. Dec. 404, citing *in re Marriage of Streur,* 2011 IL App (1st) 082326, 353 Ill. Dec. 30, 955 N.E.2d 497.

12.     Illinois law also recognizes that equitable considerations favor the determination of this matter on its facts and the law. See *Warren County Soil and Water Conservation Dist. v. Walters,* 2015 IL 117783(2015).

13.     The Plaintiff believes he has a meritorious response to the Defendants' Motion to Dismiss.

14.     Defendants' Motion to Dismiss raises four arguments: First, that Plaintiff's claim for unlawful custody while on parole is barred under Illinois law, which does not address Plaintiff's claim regarding his unlawful custody before he was released on parole; second, that venue is improper in the Northern District of Illinois; third, that the claims against the IDOC officials acting in their official capacities are barred by the Eleventh Amendment to the United States Constitution; and fourth, Plaintiff's First Amended Complaint is factually insufficient to state a cause of action.

4

15.     All but the argument regarding relief for time on parole were previously asserted in the Defendants' Motion to Dismiss Plaintiff's original Complaint (Exhibit Q), which was withdrawn pending the filing of Plaintiff's First Amended Complaint. See Docket Entry of September 5, 2024 (Exhibit R).

16.     With regard to the Defendants' first argument, the Seventh Circuit has recognized that the unavailability of federal habeas relief does not preclude a prisoner from bringing a §1983 action to challenge a condition of his confinement where, as in the present matter, the action is not based on the validity of the underlying sentence but to the conditions of confinement after the terms of the Plaintiff's sentences had been served. . See *Savory v. Cannon*, 947 F.3d 409 (2020).

17.     In paragraph 5 of their Motion to Dismiss, the Defendants cite to *Huber v. Anderson,* 909 F.3d 201 (7th Cir. 2018) for the proposition that "Only after the custody is over may the prisoner use §1983 to seek damages against the persons who may have been responsible. As stated in paragraph 15 of the First Amended Complaint, Plaintiff's custody ended on March 15, 2025, so his claim for damages is ripe.

18.     Here, the Plaintiff does not contest the validity of his sentences, but claims he was held beyond the lawful periods of his sentences, both in custody and on parole, and deprived of his rights.

19.     With regard to the Defendants' second argument, the underlying criminal conduct and sentences that the Plaintiff was serving originated in Cook County, Illinois, which is in the Northern District. 28 USC §1391(b)(2) provides that venue is proper in a civil action in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

20.     Any determination of whether the Plaintiff served time in excess of his sentence must arise from an analysis of the sentences that were rendered in Cook County, making venue proper in this Court.

21.     With regard to the Defendants' third argument, the Plaintiff's First Amended Complaint removed all claims against the state of Illinois and against the three remaining Defendants acting in their official capacities, which were part of the original Complaint. Suits against state officials in their personal capacities raise no Eleventh Amendment issues. See *Kroll v. Board of Trustees*, 934 F.2d 904 (7th Cir. 1991). Here, the state of Illinois clearly has no state interest in incarcerating its citizens beyond their sentencing periods, and the Defendants' actions at issue are not alleged to be nor can they be state actions.

22.     With regard to the Defendants' Fourth and final argument, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." See *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Defendants' Motion to Dismiss demonstrates that they are acutely aware of the claims against t

23.     the Plaintiff's First Amended Complaint details the specifics of his conviction and plea agreement, the sentences resulting therefrom, an analysis of time served, and the applicable law regarding credit for time served and sets forth the exact time when Plaintiff asserts his sentencing periods ended. From that, Defendants certainly have fair notice of the claims against them and the grounds upon which they rest.

24. But for the docketing error in November 2024, the Plaintiff has been diligent in prosecuting this matter, as evidenced by the pleading practice, amendment to the Complaint, and court attendances.

25. Plaintiff has been diligent in moving for the dismissal to be vacated after learning of same.

26. The statements set forth in this Petition are true and correct. See attached affidavit of Daniel K. Fritz.

WHEREFORE, Plaintiff, ROBERT JONES, respectfully prays this Court enter and order vacating the dismissal entered on February 15, 2025, allowing Plaintiff leave to file a Response to the Defendants' Motion to Dismiss, and for such further and other relief as the Court deems just.

Respectfully submitted,

By: _____
       Daniel K. Fritz

Atty. No. 6198758
Daniel K. Fritz
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com

## <u>AFFIDAVIT OF DANIEL K. FRITZ</u>

I, Daniel K. Fritz, upon oath do hereby swear and affirm to the following, and if called as

a witness, could competently testify thereto:

1. I am an attorney licensed to practice in the state of Illinois and the Northern District of Illinois.

2. I have, from its inception, been the attorney handling the matter of *Jones v. Hughes*, Case No. 1:24-cv-03168.

3. I am one of two attorneys working at the Law Offices of Stephanie L. White, P.C.

4. From October 15, 2024, through March 14, 2025, I was preparing for and engaged in the five jury trials outlined in paragraph six of Plaintiff's §2-1401 Petition.

5. I personally attended every day of the trials in *Dontas v. Eurolux, et. al.*, Cook County Court No. 2020 L 001332, *Does v. Orland Park School District 135, v. Pickens,* Cook County Court No. 2020 L 013740, *Doe v. The Pacific Langham Corporation*, Cook Court No. 2022 L 008301, and *Blair v. Homewood Flossmoor Community School District 233*, Cook County Court No. 2022 L 010964.

6. I did not receive email notifications from the Court regarding the briefing schedule set on the Defendants' Motion for Summary Judgment *Jones v. Hughes*, Case No. 1:24-cv-03168.

7. My failure to file a responsive pleading or attend the hearing on the Defendants' Motion for Summary Judgment was inadvertent and arose, in part, from my attention being focused on the above trials and my not receiving the emails from the Court.

8. I wrote Plaintiff's §2-1401 Petition to Vacate Orders of February 14, 2025 Granting Summary Judgment and Dismissing Plaintiff's First Amended Complaint At Law, and the statements contained therein are true and correct.

## **VERIFICATION BY CERTIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
(signature)

April 17, 2025
(date)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
*(U.S. Government not a party.)*

☐ 4 Diversity
*(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 530 General | | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| | 315 Airplane Product Liability | ☐ 530 General | ☐ 720 Labor/Management Relations | |
| ☐ 130 Miller Act | 320 Assault, Libel & Slander | ☐ 535 Death Penalty | | ☐ 400 State Reapportionment |
| | 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | 340 Marine | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | 345 Marine Product Liability | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 450 Commerce |
| ☐ 151 Medicare Act | 350 Motor Vehicle | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 550 Civil Rights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans) | 355 Motor Vehicle Product Liability | ☐ 555 Prison Condition | ☐ 791 Employee Retirement Income Security Act | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 360 Other Personal Injury | 560 Detainee - Conditions of Confinement | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Veteran's Benefits | 362 Personal Injury - Medical Malpractice | **PERSONAL PROPERTY** | **PROPERTY RIGHTS** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 370 Other Fraud | | ☐ 820 Copyright | |
| ☐ 190 Other Contract | ☐ 371 Truth in Lending | | ☐ 830 Patent | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | | ☐ 840 Trademark | ☐ 890 Other Statutory Actions |
| | | | 880 Defend Trade Secrets Act of 2016 (DTSA) | ☐ 891 Agricultural Arts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **SOCIAL SECURITY** | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | 443 Housing/Accommodations | **IMMIGRATION** | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities- Employment | ☐ 462 Naturalization Application | ☐ 862 Black Lung (923) | |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition) | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 465 Other Immigration Actions | ☐ 864 SSID Title XVI | |
| | | | ☐ 865 RSI (405(g)) | |
| | | | **FEDERAL TAXES** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District (specify)

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $

CHECK Yes only if demanded in complaint:
Jury Demand: ☐ Yes ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions):*

Judge

Case Number

## X. Is this a previously dismissed or remanded case?  ☐ Yes  ☐ No  If yes, Case #

Name of Judge

Date: _____

Signature of Attorney of Record _____

Exhibit A

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority for Civil Cover Sheet

The ILND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use
  **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
  **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here. United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <span style="color:blue">Nature of Suit Code Descriptions</span>.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights |
| | ) | |
| STATE OF ILLINOIS, ILLINOIS | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| ROBERT JEFFREYS, individually, and | ) | **JURY DEMANDED** |
| in his official capacity as Acting Director | ) | |
| of the Illinois Department of Corrections, | ) | |
| ILLINOIS PRISONER REVIEW BOARD, | ) | |
| JAMES MONTGOMERY, individually, | ) | |
| and in his official capacity as Chairman | ) | |
| of the Illinois Prisoner Review Board, and | ) | |
| ANTHONY WILLIS, Individually, and in | ) | |
| His official capacity as Warden of the | ) | |
| Menard Correctional Center, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages against Defendants to redress deprivations

under color of law of the rights, privileges, and immunities secured by the Fourth, Fifth, Eighth,

and Fourteenth amendments to the United States Constitution and the Civil Rights Act of 1971

(42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C.  Sections

1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff, ROBERT JONES, was and is a citizen of

the United States of America, residing in the state of Illinois, and was within the jurisdiction of

**Exhibit B**

this Court. Although currently on parole, Plaintiff, Robert Jones, is, involuntarily, an inmate of Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, at its Menard Correctional Center, assigned Inmate Number B73106.

4.     Defendant, STATE OF ILLINOIS (hereafter "the STATE") is a state in the United States of America, which maintains an adult prison system and has the ultimate authority to set the policies in those prisons.

5.     Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS (hereafter "IDOC") is a division of the government of the STATE, created by the state legislature pursuant to 20 ILCS 5/5-15, and charged with the operation of the state's adult prison system, including the Menard Correctional Center located in the Town of Chester, Randolph County, State of Illinois.

6.     Defendant. ROBERT JEFFREYS (hereafter "JEFFREYS") is the Acting Director of IDOC, and who has policymaking authority within IDOC.

7.     Defendant, ILLINOIS PRISONER REVIEW BOARD (hereafter "the BOARD") is a quasi-judicial body that, among other things, decides the release dates for prisoners within IDOC, including Plaintiff.

8.     Defendant, JAMES MONTGOMERY (Hereafter "MONTGOMERY"), is the Chairman of the BOARD, who has policy making authority to decide the release date for prisoners within the IDOC.

9.     Defendant, ANTHONY WILLIS (hereafter "WILLIS"), is the Warden of the Menard Correctional Center, who has policymaking authority to decide the release date for prisoners assigned to and being held at the Menard Correctional Center.

## FACTUAL ALLEGATIONS

10.     On December 4, 2009, Plaintiff was sentenced on Counts I and II in Cook County, Illinois court number 04 CR 1533001 to a term of thirty years of incarceration at the

Illinois Department of Corrections, for each Count, to run concurrently, plus three years of

Mandatory Supervised Release, and given credit for time served of 2,092 days, and all other

Counts against him were dismissed.

11.　　At all relevant times, there was in effect in the state of Illinois a certain, 730 ILCS

5/3-6-3 "Rules and Regulations for Sentence Credit," which provides:

> (2.1)　For all offenses, other than those enumerated in subdivision (a)(2)(i), (ii),
> or (iii) committed on or after June 19, 1998 or subdivision (a)(2)(iv) committed
> on or after June 23, 2005 (the effective date of Public Act 94-71) or subdivision
> (a)(2)(v) committed on or after August 13, 2007 (the effective date of Public Act
> 95-134) or subdivision (a)(2)(vi) committed on or after June 1, 2008 (the effective
> date of Public Act 95-625) or subdivision (a)(2)(vii) committed on or after July
> 23, 2010 (the effective date of Public Act 96-1224), and other than the offense of
> aggravated driving under the influence of alcohol, other drug or drugs, or
> intoxicating compound or compounds, or any combination thereof as defined in
> subparagraph (F) of paragraph (1) of subsection (d) of Section 11-501 of the
> Illinois Vehicle Code, and other than the offense of aggravated driving under the
> influence of alcohol, other drug or drugs, or intoxicating compound or
> compounds, or any combination thereof as defined in subparagraph (C) of
> paragraph (1) of subsection (d) of Section 11-501 of the Illinois Vehicle Code
> committed on or after January 1, 2011 (the effective date of Public Act 96-1230),
> the rules and regulations shall provide that a prisoner who is serving a term of
> imprisonment shall receive one day of sentence credit for each day of his or her
> sentence of imprisonment or recommitment under Section 3-3-9. Each day of
> sentence credit shall reduce by one day the prisoner's period of imprisonment or
> recommitment under Section 3-3-9.

12.　　The provisions of 730 ILCS 5/3-6-3 have always been and are applicable to

Plaintiff's sentence under Cook County, Illinois court number 04CR1533001.

13.　　Accordingly, Plaintiff's period of incarceration under Cook County, Illinois court

number 04CR1533001 should have ended no later than March 14, 2019, and his three-year

period of Mandatory Supervised Release should have ended no later than March 14, 2022.

14.　　On August 17, 2011, Plaintiff entered into a plea agreement on Counts II, III, and

IV in Cook County, Illinois court number 04 CR 1542901 by which he was sentenced to a term

of twenty-five years of incarceration at the Illinois Department of Corrections, for each of

Counts II and III, to be served at fifty percent, and a term of fifteen years on Count IV, to be served at eighty-give percent, all three sentences to run concurrently with each other and Plaintiff's sentence in 04 CR 1533001, plus three years of Mandatory Supervised Release, given credit for time served of 2,640 days, and all other Counts against him were dismissed.

15.     Accordingly, Plaintiff's period of incarceration under Cook County, Illinois court number 04CR1542901 should have ended no later than February 23, 2017.

16.     In addition to the statutory sentence reductions pursuant to 730 ILCS, 5/3-6-3, Plaintiff was and is entitled to an additional reduction of his sentences due to his good behavior, including but not limited to reductions of his sentence pursuant to 730 ILCS 130/3, while serving time at the Cook County Jail.

17.     During all times relevant to this matter, Plaintiff has not been convicted of any other offenses, and Plaintiff is not and has not been subject to incarceration for any other offenses than those contained in 04 CR 1533001 and 04 CR 1542901.

18.     Defendants have set Plaintiff's Projected Discharge Date for March 15, 2025.

19.     At all times relevant, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983 created a duty in Defendants to guarantee Plaintiff's freedom and liberty after he served the above sentences.

20.     At all times relevant, Defendants knew or reasonably should have known that Plaintiff has fully served his periods of incarceration for the above matters and is no longer subject to any incarceration or other restrictions on his liberty.

21.     At all times relevant, Defendants, acting under the color of law, willfully, knowingly, intentionally, and/or recklessly continued to keep Plaintiff in their custody when they knew or reasonably should have known that Plaintiff had fully served his sentences for the above matters and was no longer subject to any restrictions on his liberty.

4

## COUNT I – 42 U.S.C. §1983
## FALSE IMPRISONMENT
## AGAINST ALL DEFENDANTS

22.      Plaintiff reincorporates and realleges paragraphs 1 through 21, as though fully set forth herein.

23.      Defendants, acting under the color of law and within their authorities to determine Plaintiff's release date from incarceration, willfully, knowingly, intentionally, and/or recklessly caused Plaintiff's incarceration and detention to be extended beyond his sentencing periods without probable cause of any other justification, thus violating Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

24.      As a direct and proximate consequence of said misconduct by the Defendants, the Plaintiff suffered violations of his constitutional rights, loss of liberty, loss of freedom, emotional distress, monetary loss, and expense.

WHEREFORE, Plaintiff, ROBERT JONES, prays for judgment against Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY, individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and ANTHONY WILLIS, Individually, and in his official capacity as Warden of the Menard Correctional Center, and demands compensatory damages, punitive damages, attorney's fees, the costs of this action, plus any additional relief as the Court deems equitable and just.

## COUNT II – 42 U.S.C. §1983
### DEPRIVATION OF LIBARTY WITHOUT DUE PROCESS OF LAW
### AGAINST ALL DEFENDANTS

25.     Plaintiff reincorporates and realleges paragraphs 1 through 24, as though fully set forth herein.

26.     As a result of the forementioned misconduct, Defendants deprived Plaintiff of his liberty without due process of law.

27.     As a direct and proximate consequence of said misconduct by the Defendants, the Plaintiff suffered violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth amendments, loss of liberty, loss of freedom, emotional distress, monetary loss, and expense.

WHEREFORE, Plaintiff, ROBERT JONES, prays for judgment against Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY, individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and ANTHONY WILLIS, Individually, and in his official capacity as Warden of the Menard Correctional Center, and demands compensatory damages, punitive damages, attorney's fees, the costs of this action, plus any additional relief as the Court deems equitable and just.

## CONCLUSION

WHEREFORE, the Plaintiff, by and through his attorneys, the LAW OFFICES OF STEPHANIE L. WHITE, P.C., requests judgment as follows against Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, individually, and in his official capacity as Acting Director of the Illinois Department of

Corrections, ILLINOIS PRISONER REVIEW BOARD, JAMES MONTGOMERY,

individually, and in his official capacity as Chairman of the Illinois Prisoner Review Board, and

ANTHONY WILLIS, Individually, and in his official capacity as Warden of the Menard

Correctional Center, and each of them for the following items of damages:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

4. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred;

5. That the Defendants be required to pay Plaintiff's reasonable attorneys' fees for bringing this action; and;

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: _____
       Daniel K. Fritz

Atty. No. 6198758
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT JONES,                          )
                                       )
                Plaintiff,             )        Case No. 1:24-cv-03168
                                       )
v.                                     )        Complaint for Violation of Civil Rights
                                       )
LATOYA HUGHES,                         )
JAMES MONTGOMERY, and                  )
ANTHONY WILLIS,                        )
                                       )
                Defendants.            )

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, ROBERT JONES, by his attorneys, the LAW OFFICES OF

STEPHANIE L. WHITE, P.C., and for his First Amended Complaint at Law against Defendants,

LATOYA HUGHES, JAMES MONTGOMERY, and ANTHONY WILLIS, states as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages against Defendants to redress deprivations

under color of law of the rights, privileges, and immunities secured by the Fourth, Fifth, Eighth,

and Fourteenth amendments to the United States Constitution and the Civil Rights Act of 1971

(42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections

1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district from the criminal prosecutions of the Plaintiff by the People

of the State of Illinois in Cook County, Illinois and sentencing orders entered by judges sitting in

the Circuit Court of Cook County, Illinois.

1

**Exhibit C**

## PARTIES

3.      At all times herein mentioned, Plaintiff, ROBERT JONES, was and is a citizen of the United States of America, residing in the state of Illinois, and was within the jurisdiction of this Court. Although currently on parole, Plaintiff, Robert Jones, is, involuntarily, an inmate of the State of Illinois' Department Of Corrections ("IDOC"), at its Menard Correctional Center, assigned Inmate Number B73106.

4.      Defendant. LATOYA HUGHES (hereafter "HUGHES") is the Acting Director of IDOC, and who has policymaking authority within IDOC, including authority over IDOC facilities within the Northern District of Illinois.

5.      Defendant, JAMES MONTGOMERY (Hereafter "MONTGOMERY"), is the Chairman of the Illinois Prisoner Review Board ("the BOARD"), who has policy making authority to decide the release date for prisoners within the IDOC. MONTGOMERY's authority involves the entire state of Illinois, including the BOARDS's operations within the Northern District of Illinois.

6.      Defendant, ANTHONY WILLIS (hereafter "WILLIS") is the Warden of the Menard Correctional Center, who has policymaking authority to decide the release date for prisoners assigned to and being held at the Menard Correctional Center.

## FACTUAL ALLEGATIONS

7.      On December 4, 2009, Plaintiff was sentenced on Counts I and II in Cook County, Illinois court number 04 CR 1533001 to a term of thirty years of incarceration at the Illinois Department of Corrections, for each Count, to run concurrently, plus three years of Mandatory Supervised Release, and given credit for time served of 2,092 days, and all other Counts against him were dismissed.

8.      At all relevant times, there was in effect in the state of Illinois a certain, 730 ILCS

5/3-6-3 "Rules and Regulations for Sentence Credit," which provides:

> (2.1)    For all offenses, other than those enumerated in subdivision (a)(2)(i), (ii), or (iii) committed on or after June 19, 1998 or subdivision (a)(2)(iv) committed on or after June 23, 2005 (the effective date of Public Act 94-71) or subdivision (a)(2)(v) committed on or after August 13, 2007 (the effective date of Public Act 95-134) or subdivision (a)(2)(vi) committed on or after June 1, 2008 (the effective date of Public Act 95-625) or subdivision (a)(2)(vii) committed on or after July 23, 2010 (the effective date of Public Act 96-1224), and other than the offense of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof as defined in subparagraph (F) of paragraph (1) of subsection (d) of Section 11-501 of the Illinois Vehicle Code, and other than the offense of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof as defined in subparagraph (C) of paragraph (1) of subsection (d) of Section 11-501 of the Illinois Vehicle Code committed on or after January 1, 2011 (the effective date of Public Act 96-1230), the rules and regulations shall provide that a prisoner who is serving a term of imprisonment shall receive one day of sentence credit for each day of his or her sentence of imprisonment or recommitment under Section 3-3-9. Each day of sentence credit shall reduce by one day the prisoner's period of imprisonment or recommitment under Section 3-3-9.

9.      The provisions of 730 ILCS 5/3-6-3 have always been and are applicable to Plaintiff's sentence under Cook County, Illinois court number 04CR1533001.

10.     Accordingly, Plaintiff's period of incarceration under Cook County, Illinois court number 04CR1533001 should have ended no later than March 14, 2019, and his three-year period of Mandatory Supervised Release should have ended no later than March 14, 2022.

11.     On August 17, 2011, Plaintiff entered into a plea agreement on Counts II, III, and IV in Cook County, Illinois court number 04 CR 1542901 by which he was sentenced to a term of twenty-five years of incarceration at the Illinois Department of Corrections, for each of Counts II and III, to be served at fifty percent, and a term of fifteen years on Count IV, to be served at eighty-give percent, all three sentences to run concurrently with each other and Plaintiff's sentence in 04 CR 1533001, plus three years of Mandatory Supervised Release, given credit for time served of 2,640 days, and all other Counts against him were dismissed.

12.     Accordingly, Plaintiff's period of incarceration under Cook County, Illinois court number 04CR1542901 should have ended no later than February 23, 2017.

13.     In addition to the statutory sentence reductions pursuant to 730 ILCS, 5/3-6-3, Plaintiff was and is entitled to an additional reduction of his sentences due to his good behavior, including but not limited to reductions of his sentence pursuant to 730 ILCS 130/3, while serving time at the Cook County Jail.

14.     During all times relevant to this matter, Plaintiff has not been convicted of any other offenses, and Plaintiff is not and has not been subject to incarceration for any other offenses than those contained in 04 CR 1533001 and 04 CR 1542901.

15.     Defendants have set Plaintiff's Projected Discharge Date for March 15, 2025.

16.     At all times relevant, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983 created a duty in Defendants to guarantee Plaintiff's freedom and liberty after he served the above sentences.

17.     At all times relevant, Defendants knew or reasonably should have known that Plaintiff has fully served his periods of incarceration for the above matters and is no longer subject to any incarceration or other restrictions on his liberty.

18.     At all times relevant, Defendants, acting under the color of law, willfully, knowingly, intentionally, and/or recklessly continued to keep Plaintiff in their custody when they knew or reasonably should have known that Plaintiff had fully served his sentences for the above matters and was no longer subject to any restrictions on his liberty.

19.     Defendant, HUGHES, is a public official carrying out her official responsibilities as the Acting Director of IDOC in accordance with the laws of the State of Illinois and acting under color of state law.

20.     Defendant, MONTGOMERY, is a public official carrying out his official

responsibilities as the Chairman of the BOARD in accordance with the laws of the State of Illinois and acting under color of state law.

21.     Defendant, WILLIS, is a public official carrying out his official responsibilities as the Warden of the Menard Correctional Center, in accordance with the laws of the State of Illinois and acting under color of state law

**COUNT I – 42 U.S.C. §1983**
**FALSE IMPRISONMENT**
**AGAINST ALL DEFENDANTS**

22.     Plaintiff reincorporates and realleges paragraphs 1 through 21, as though fully set forth herein.

23.     Defendant, HUGHES, acting under the color of law and within her authority to determine Plaintiff's release date from incarceration, willfully, knowingly, intentionally, and/or recklessly acted to cause Plaintiff's incarceration and detention within the IDOC system to be extended beyond his sentencing periods without probable cause of any other justification.

24.     As a direct and proximate result of Defendant, HUGHES' conduct, as stated above, Plaintiff remains a prisoner of IDOC.

25.     Defendant, MONTGOMERY, acting under the color of law and within his authority to review the operations of prisons and prisoner's time served within the state of Illinois, including the determination Plaintiff's release date from incarceration, willfully, knowingly, intentionally, and/or recklessly acted to cause Plaintiff's incarceration and detention within the IDOC system to be extended beyond his sentencing periods without probable cause of any other justification.

26.     As a direct and proximate result of Defendant, MONTGOMERY's conduct, as stated above, Plaintiff remains a prisoner of IDOC.

27.     Defendant, WILLIS, acting under the color of law and within his authority to

review the operations at the Menard Correctional Center, including the determination Plaintiff's release date from incarceration from that facility, willfully, knowingly, intentionally, and/or recklessly acted to cause Plaintiff's incarceration and detention within the IDOC system to be extended beyond his sentencing periods without probable cause of any other justification.

28.     As a direct and proximate result of Defendant, WILLIS' conduct, as stated above, Plaintiff remains a prisoner of IDOC.

29.     Plaintiff is aware of his ongoing incarceration, and the deprivation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

30.     As a direct and proximate consequence of said misconduct by the Defendants, and each of them, the Plaintiff suffered violations of his constitutional rights, loss of liberty, loss of freedom, emotional distress, monetary loss, and expense.

WHEREFORE, Plaintiff, ROBERT JONES, prays for judgment against Defendants, LATOYA HUGHES, JAMES MONTGOMERY, and ANTHONY WILLIS, and demands compensatory damages, punitive damages, attorney's fees, the costs of this action, plus any additional relief as the Court deems equitable and just.

**COUNT II – 42 U.S.C. §1983**
**DEPRIVATION OF LIBARTY WITHOUT DUE PROCESS OF LAW**
**AGAINST ALL DEFENDANTS**

31.     Plaintiff reincorporates and realleges paragraphs 1 through 31, as though fully set forth herein.

32.     As a result of the forementioned misconduct, Defendants deprived Plaintiff of his liberty without due process of law.

33.     As a direct and proximate consequence of said misconduct by the Defendants, the Plaintiff suffered violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth amendments, loss of liberty, loss of freedom, emotional distress, monetary loss, and

expense.

WHEREFORE, Plaintiff, ROBERT JONES, prays for judgment against Defendants, LATOYA HUGHES, JAMES MONTGOMERY, and ANTHONY WILLIS, and demands compensatory damages, punitive damages, attorney's fees, the costs of this action, plus any additional relief as the Court deems equitable and just.

## **CONCLUSION**

WHEREFORE, the Plaintiff, by and through his attorneys, the LAW OFFICES OF STEPHANIE L. WHITE, P.C., requests judgment as follows against Defendants, LATOYA HUGHES, JAMES MONTGOMERY, and ANTHONY WILLIS, and each of them for the following items of damages:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

4. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred;

5. That the Defendants be required to pay Plaintiff's reasonable attorneys' fees for bringing this action; and;

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: _____

        Daniel K. Fritz

7

Atty. No. 6198758
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT JONES,                          )
                                       )
              Plaintiff,               )
                                       )
v.                                     )        Case No. 1:24-cv-03168
                                       )
LATOYA HUGHES,                         )
JAMES MONTGOMERY, and                  )
ANTHONY WILLIS,                        )
                                       )
              Defendants.              )

## **PLAINTIFF'S MOTION SUBSTITUTE PARTY DEFENDANTS**

NOW COMES the Plaintiff, ROBERT JONES, by his attorneys, the LAW OFFICES OF

STEPHANIE L. WHITE, P.C., and for his Motion for leave to substitute Latoya Hughes as a

party Defendant for Robert Jefferies states as follows:

1.      At the time Plaintiff drafted his original Complaint at Law herein, Defendant,

ROBERT JEFFREYS was the Director of the Illinois Department of Corrections.

2.      In Section IV, paragraph 20, of Defendants' Motion to Dismiss Plaintiff's

original Complaint at Law, Defendants assert:

> As noted above, although Rob Jeffreys was the director of the IDOC, he is now
> the director of the Nebraska Department of Corrections. Latoya Hughes is the
> acting director of the IDOC. Accordingly, pursuant to Rule 25(d), in the event
> this Court does not dismiss the official capacity claim against Rob Jeffreys, this
> Court should substitute Rob Jeffreys in his official capacity for Latoya Hughes
> in her official capacity (*sic* – should be the reverse) and create a separate entry
> fin the docket for Rob Jeffreys in his individual capacity.

3.      Plaintiff agrees.

WHEREFORE, Plaintiff respectfully prays this Court enter an order dismissing

Defendant, ROBERT JEFFREYS, and substituting LATOYA HUGHES as a party Defendant in

his place, and for such further relief as the Court deems just.

**Exhibit D**

Respectfully submitted,

By: _____

Daniel K. Fritz

Atty. No. 6198758
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT JONES,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        Case No. 1:24-cv-03168
                                       )
LATOYA HUGHES,                         )
JAMES MONTGOMERY, and                  )
ANTHONY WILLIS,                        )
                                       )
                    Defendants.        )

## PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CERTAIN DEFENDANTS

NOW COMES the Plaintiff, ROBERT JONES, by his attorneys, the LAW OFFICES OF

STEPHANIE L. WHITE, P.C., pursuant to 735 ILCS 5/2-1009, and for his Motion to

Voluntarily Dismiss Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF

CORRECTIONS, and ILLINOIS PRISON REVIEW BOARD, states as follows:

1.      In response to Plaintiff's original Complaint at Law, Defendants, STATE OF

ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, and ILLINOIS PRISON

REVIEW BOARD, sought dismissal of the claims against them under the Eleventh

Amendment of the U.S. Constitution and because they are not "persons" subject to suit under

42 USC §1983.

2.      Without waiver of Plaintiff's rights to pursue his remedies against those

defendants in other venues, Plaintiff seeks to voluntarily dismiss them from this matter,

pursuant to 735 ILCS 5/2-1009.

WHEREFORE, Plaintiff respectfully prays this Court enter an order dismissing

Defendants, STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, and

**Exhibit E**

ILLINOIS PRISON REVIEW BOARDS, without prejudice and for such further relief as the

Court deems just.

                                        Respectfully submitted,

                                By: _____
                                        Daniel K. Fritz


Atty. No. 6198758
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900
swhite@slw-law.com
dfritz@slw-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT JONES,                          )
                                       )
                  Plaintiff,           )      Case No.**1:24-cv-03168**
                                       )
v.                                     )      Complaint for Violation of Civil Rights
                                       )
STATE OF ILLINOIS, ILLINOIS            )
DEPARTMENT OF CORRECTIONS,             )
ROBERT JEFFREYS, individually, and     )
in his official capacity as Acting Director )
of the Illinois Department of Corrections, )
ILLINOIS PRISONER REVIEW BOARD, )
JAMES MONTGOMERY, individually,        )      **JURY DEMANDED**
and in his official capacity as Chairman )
of the Illinois Prisoner Review Board, and )
ANTHONY WILLIS, Individually, and in   )
His official capacity as Warden of the )
Menard Correctional Center,            )
                                       )
                  Defendants.          )


**INITIAL STATUS REPORT FOR NEW CASE**

        This case has been assigned to the calendar of Judge LaShonda A. Hunt. The parties are
directed to meet pursuant to Federal Rule of Civil Procedure 26(f) and conduct a planning
conference, and file a joint Initial Status Report for New Case, containing the following
information:

I.      **The Nature of the Case:**

        A.      Identify (names and contact information) for all attorneys of record for
                each party, including the lead trial attorney.

                **Plaintiff's Counsel:**
                Law Offices of Stephanie L. White, P.C.
                161 N. LaSalle Street
                Suite 2550
                Chicago, IL 60601
                312-380-7900
                Attorneys   Stephanie L. White (Lead) swhite@slw-law.com
                            Daniel K. Fritz dfritz@slw-law.com

**Exhibit F**

**Defendants' Counsels**

The Defendants have not yet been served.

Summonses were placed with the clerk on July 10, 2024.

B.    Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

The Plaintiff's Complaint is brough pursuant to 42 U.S.C. §1983 and seeks monetary compensation for damages arising from False Imprisonment and Deprivation of Liberty.

C.    Briefly identify the major legal and factual issues in the case.

The Plaintiff is a prisoner of the State of Illinois and currently on Mandatory Supervised Release (MSR), which is not scheduled to end until March 15, 2025.

The Plaintiff was sentenced under two separate cases, 04 CR 1533001 and 04 CR 1542901, and assigned to the Menard Correctional Center where he served his incarceration.

In the 04 CR 1533001 case, on December 4, 2009, Plaintiff was convicted and ultimately sentenced to a period of 30 years' incarceration plus three years of MSR with 2,092 days credit for time served. Plaintiff claims he was entitled to Sentence Credit, pursuant to 730 ILCS 5/3-6-3, and his period of incarceration should have ended no later than March 14, 2019 with his MSR ending no later than March 14, 2022.

In the 04 CR 1542901 case, on August 17, 2011, Plaintiff entered into a plea agreement whereby he was sentence to 25 years at 50% on some counts and 15 years at 85% on another count with three years of MSR, all sentences to run concurrently with each other and the sentence in the 04 CR 1533001 case, with 2,640 days credit for time served. Plaintiff claims this sentence should have ended no later than February 23, 2017.

D.    State the relief sought by any of the parties.

The Plaintiff seeks release from his current sentence, including Mandatory Supervised Release and monetary compensation for his loss of liberty.

II.    **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A.    Identify all federal statutes on which federal question jurisdiction is based.

Jurisdiction is predicated upon 28 U.S.C. §1343 and 1331.

Venue is predicated upon 28 U.S.C. §1391.

The matter alleges deprivations under the color of law of the rights, privileges, and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution of the Civil Rights Act of 1971, under 42 U.S.C. §1983.

B.   If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

1.   State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

2.   Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

NOTE 1: Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. See Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

NOTE 2: A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

Not applicable

**III.**   **Status of Service:** Identify any defendants that have not been served.

Summons for all Defendants were placed with the clerk's office on July 10, 2024, and service is anticipated over all Defendants by July 31, 2024.

There have been no communications with the Defendants or any counsel on their behaves.

**IV.**   **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

Plaintiff consents to proceed before a United State Magistrate Judge.

**V.**   **Motions**:

A.    Briefly describe any pending motions.

There are no pending motions.

B.    State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

Plaintiff is unaware of any defenses that may be asserted.

**VI.    Case Plan**:

A.    Submit a proposal for a discovery plan, including the following information[1]:

1.    The general type of discovery needed;

Written discovery in the form of interrogatories and requests for production of documents will be required.

Party depositions will be required.

2.    A date for Rule 26(a)(1) disclosures;

Plaintiff proposes a date sixty days after all Defendants have filed their appearances in the case.

3.    First date by which to issue written discovery;

Plaintiff proposes that written discovery be issued within thirty days after all partis are at issue.

4.    Deadline to amend pleadings and join parties;

Plaintiff proposes that he should be allowed to amend his pleadings and join additional parties up until discovery closes.

5.    A fact discovery completion date;

Plaintiff anticipates that discovery may take twelve months after the parties are at issue.

6.    An expert discovery completion date, including dates for the delivery of expert reports; and

Plaintiff does not know whether he will require a controlled expert witness at this time.

7.    Whether either party anticipates filing dispositive motions.  Please note that a schedule is typically set once all discovery is complete.

Plaintiff does not know what dispositive motions may be proper at this time.

B.  With respect to trial, indicate the following:

    1.  Whether a jury trial is requested; and

    Plaintiff has requested a trial by jury.

    2.  The probable length of trial.

    Plaintiff anticipates the trial may last seven to ten days.

VII.  **Status of Settlement Discussions**:

A.  Indicate whether any settlement discussions have occurred;

None at this time.

B.  Describe the status of any settlement discussions; and

None at this time.

C.  Whether the parties request a settlement conference.

Unknown to Plaintiff at this time.

---

[1] For patent cases, the proposed schedule should follow the schedule set forth in the Local Patent Rules.

10:30 *Motion call* #2 M12

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DONTA S,                    )
                            )
v.                          )
                            )      No. 2020 L 001332
VASYLIONIS, et.al.,         )
                            )

ORDER

This cause coming before the Court:

1. ☐ IT IS HEREBY ORDERED this case is set for trial on _October 15, 2024_ (4305)
at 10:00 a.m. in Courtroom 2005. *FINAL NO EXTENSIONS.*

2. ☐ IT IS HEREBY ORDERED this case is returned to Judge _Otto_ on Motion
Calendar _R_ for completion of all discovery prior to the trial date. This case is
set for case management on _3/14/24_ at _11:30 AM_ in courtroom _2208_.  (4340)  4375

3. ☐ IT IS HEREBY ORDERED this case is set for trial setting status on _____ (4428)
at 10:00 a.m. in Courtroom 2005.

4. ☐ IT IS HEREBY ORDERED this case is set for prove-up on _____ (4247)
at 10:00 a.m. in Courtroom 2005.

(An order of default having been entered by Judge_____ on _____

against the defendant(s)_____

for having failed to appear or answer)   (*Notice to be given to the defaulted party*)

5. ☐ IT IS HEREBY ORDERED this case is dismissed for want of prosecution. (8005)

Other _Previously set trial date of May 6, 2024 at_  4304
_10:00 Am in room 2005 is stricken_
_____

Atty. No: _09610_
Name: _Law of Jo Aanne White_
Atty. For: _Plantiff Dontas_
Address: _161 N. Clark St 2550_
City: _Chicago IL 60601_
Telephone: _312 380 7900_

ENTER:

MAR 05 2024

KATHY M. FLANAGAN #287

JUDGE

**Exhibit G**

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

*Tammy Dontus*
*V*
*James Joseph, Izolda Vasylionis*

### Verdict Form A

We, the jury, find for Tammy Dontas and against the following defendant or defendants:

| | | |
|---|---|---|
| Izolda Vasylionis | Yes ✗ | No _____ |
| Joseph Ciucci, doing business as Eurolux Lashes Salon And Spa | Yes ✗ | No _____ |
| James Joseph, D.O. | Yes ✗ | No _____ |

*8101*

First: Without taking into consideration the question of reduction of damages due to the negligence Tammy Dontas, if any, we find that the total amount of damages suffered by Tammy Dontas as a proximate result of the occurrence in question is $ 250 000 , itemized as follows:

The disfigurement resulting from the injury: $ 100,000

The loss of a normal life experienced: $ 20,000

The loss of a normal life reasonably certain to be experienced in the future: $ 20,000

The pain and suffering experienced as a result of the injuries: $ 20,000

The Pain and suffering reasonably certain to be experienced in the future as a result of the injuries; $ 20,000

The emotional distress experienced; $ 20,000

The emotional distress reasonably certain to be experienced in the future; $ 20,000

The present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future: $ 30,000

Associate Judge Daniel Trevino

OCT 25 2024

Circuit Court - 2220

1

**Exhibit H**

F I L E D

OCT 25 2024

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Second: Assuming that 100% represents the total combined legal responsibility of all persons who proximately caused Tammy Dontas' injury, we find the percentage of legal responsibility attributable to Tammy Dontas as follows: ___0___ %

(Instructions to Jury: If you find that Tammy Dontas was not contributorily negligent, you should enter a zero (0)%.)

Third: After reducing the plaintiff's total compensatory damages (from paragraph First) by the percentage of negligence, if any, (from paragraph Second)], we award Tammy Dontas recoverable compensatory damages in the amount of     $ ___225,000___ .

Fourth: We further award Punitive Damages in the following amounts:

(Instructions to Jury: Any punitive damages that may be awarded are not reduced by Tammy Dontas' contributory negligence)

Izolda Vasylionis                                          $ ___250,000___

Joseph Ciucci                                             $ ___(0)___

PLAINTIFF'S TOTAL DAMAGES:                    $ ___475,000___
(from paragraphs Third and Fourth)

_____
Foreperson

2

Associate Judge Daniel Trevino

OCT 25 2024

Circuit Court = 2220

F I L E D

OCT 25 2024

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

3

2020 2 000332

Tammy Dontas

V

James Joseph, Izolda Vasylionis

Associate Judge Daniel Trevino

OCT 25 2024

Circuit Court - 2220

FILED

OCT 25 2024

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ATTY I.D. #99610

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

TAMMY DONTAS,                                     )
                                                  )
                    Plaintiff,                    )
                                                  )
vs.                                               )      NO.   20 L 1332
                                                  )
IZOLDA VASYLIONIS, Individually and as Agent      )
of EUROLUX LASHES SALON AND SPA and as            )
Apparent Agent of JAMES JOSEPH, D.O.,             )
MEDICAL AND WELLNESS CENTER, S.C.                 )
d/b/a REJENESIS a/k/a REJENESIS MED SPA;          )
JAMES JOSEPH, D.O., Individually and as Agent     )
of EUROLUX LASHES SALON AND SPA and as            )
Agent of JAMES JOSEPH, D.O., MEDICAL AND          )
WELLNESS CENTER, S.C. d/b/a REJENESIS             )
a/k/a REJENESIS MED SPA; EUROLUX                  )
LASHES SALON AND SPA; and JAMES A.                )
JOSEPH D.O. MEDICAL AND WELLNESS                  )
CENTER, S.C. d/b/a REJENESIS a/k/a                )
REJENESIS MED SPA, and JOSEPH CIUCCI,             )
Individually and as Agent of EUROLUX LASHES       )
SALON AND SPA,                                    )
                                                  )
                    Defendants.                   )

## JUDGMENT ORDER

*9101*

THIS CAUSE coming to be heard for trial by jury, the jury having returned Verdict Form A and rendered a verdict in favor of the Plaintiff, TAMMY DONTAS, and against the Defendants, IZOLDA VASYLIONIS, JAMES CIUCCI, doing business as Eurolux Lashes Salon and Spa, and JAMES JOSEPH, D.O., in the amount of two hundred twenty-five thousand dollars ($250,000.00) in compensatory damages and in favor of the Plaintiff, TAMMY DONTAS, and against Defendant, IZOLDA VASYLIONIS only for punitive damages in the amount of two hundred and fifty thousand dollars ($250,000.00),

IT IS HEREBY ORDERED that judgment is entered on the verdict in in favor of the Plaintiff, TAMMY DONTAS, and against the Defendants, IZOLDA VASYLIONIS, JAMES CIUCCI, doing business as Eurolux Lashes Salon and Spa, and JAMES JOSEPH, D.O., in the amount of two hundred twenty-five thousand dollars ($225,000.00) in compensatory damages and in favor of the Plaintiff, TAMMY DONTAS, and against Defendant, IZOLDA VASYLIONIS only for punitive damages in the amount of two hundred and fifty thousand dollars ($250,000.00) plus costs of suit.

The parties waived polling of the jury. Leave to withdraw exhibits is granted. Associate Judge Daniel Trevino

**FILED**

OCT 25 2024

Circuit Court - 2220

OCT 25 2024

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

# 7

1/30

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DOE 1 + DOE 2 )
)
v. )
) 2020 L 13740
OPSD 135, et al )

ORDER

This cause coming before the Court :

1. ☒ IT IS HEREBY ORDERED this case is set for trial on ___11/1/24___

at 10:00 a.m. in Courtroom 2005.                                    (4305)

2. ☐ IT IS HEREBY ORDERED this case is returned to Judge _____ on Motion
Calendar _____ for completion of all discovery prior to the trial date .This case is
set for case management on _____ at _____ in courtroom _____.      (8340)

3. ☐ IT IS HEREBY ORDERED this case is set for trial setting status on _____
at 10:00 a.m.   in Courtroom 2005.                                  (4428)

4. ☐ IT IS HEREBY ORDERED this case is set for prove-up on _____
at 10:00 a.m.   in Courtroom 2005.                                  (4247)

(An order of default having been entered by Judge_____ on _____

against the defendant(s)_____

for having failed to appear or answer)     ( *Notice to be given to the defaulted party* )

5. ☐ IT IS HEREBY ORDERED this case is dismissed for want of prosecution.        (8005)

Other  ___Trial date of 8/19/24 is stricken___          4 3 C 4

_____

ENTER

JUL 3 1 2024

KATHY M. FLANAGAN #267

Atty. No: 63499
Name: KAVENY
Atty. For π                                     ENTER:_____
Address: K+K 130 RANDOLPH
City: CHICAGO                                   JUDGE:_____
Telephone:
212. 761. 5585.

**Exhibit I**

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**Order**                                                        **(2/24/05) CCG N002**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe, et al

v.

Orland Park School District 135

Joan Pickens

No. ___20L13240___

### Judgment ORDER

This cause coming on to be heard for trial, a jury having heard the evidence and delivering verdicts, It is hereby ordered:

Judgment is entered against Orland Park School District 135 and in favor of ██████████ in the amount of Two million ($2,000,000) dollars, plus costs. The percentage of legal liability attributable to Orland Park School District 135 is 99.5%, and attributable to Joan Pickens is 0.5%

Judgment is entered against Orland Park School District 135 and in favor of ██████████ in the amount of Two million ($2,000,000) dollars, plus costs. The percentage of legal liability attributable to Orland Park School District 135 is 99.5%, and attributable to Joan Pickens is 0.5%

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

ENTERED: 

**ENTERED**
Judge Thomas Cushing-2258
NOV 26 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: _____

_Thomas M. Cushing_
**Judge**                          **Judge's No.**

**Exhibit J**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

#2 10:30 #21



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

HAMPTON

v.                                    2023 L 001170

ADAMS

ORDER

This cause coming before the Court :

1. ☒ IT IS HEREBY ORDERED this case is set for trial on 1 - 21 - 25
at 10:00 a.m. in Courtroom 2005.                                    (4305)

2. ☒ IT IS HEREBY ORDERED this case is returned to Judge Dempsey on Motion
Calendar H for completion of all discovery prior to the trial date .This case is
set for case management on 9-3-24 at 10:00 Am in courtroom 2209.          (8340)
                                                                        (4428)

3. ☐ IT IS HEREBY ORDERED this case is set for trial setting status on _____
at 10:00 a.m. in Courtroom 2005.

4. ☐ IT IS HEREBY ORDERED this case is set for prove-up on _____
at 10:00 a.m. in Courtroom 2005.                                    (4247)

(An order of default having been entered by Judge_____ on _____

against the defendant(s)_____

for having failed to appear or answer)    ( Notice to be given to the defaulted party )

5. ☐ IT IS HEREBY ORDERED this case is dismissed for want of prosecution.
                                                                        (8005)

Other _____

ENTER

JUL 2 6 2024

KATHY M. FLANAGAN #267

Atty. No:  99610
Name:  Dawnel Fritz
Atty. For  161 N. Lasalle St. 2550
Address:  Chicago IL 60601

ENTER:

**Exhibit K**

Order

(12/01/24) CCG 0002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

HAMPTON

v.

ADAMS

No. 2023 L 001170

### AGREED ORDER

THIS MATTER, coming before the Court for status and trial ~~setting~~ certification, and the Court being advised that all matters in controversy have been resolved by and between the parties,

IT IS HEREBY ORDERED as follows:

1) This matter is dismissed with prejudice and without costs pursuant to settlement. YO/I

2) The ~~trial date of January 21, 2025~~ is stricken.

3) The Court shall retain jurisdiction for ~~the usual purposes~~ of enforcing the terms of the settlement and to adjudicate any liens.

Attorney No.: 99610

Name: Daniel Fritz

Atty. for: Plaintiff

Address: 161 N. Clark St. 2550

City/State/Zip: Chicago IL 60601

Telephone: 312 380 7900

Judge Eileen M. O'Connor

ENTERED: JAN 17 2025

Circuit Court - 2285

Dated: _____

_____
Judge

Judge's No.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

**Exhibit L**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

*John Doe*

v.

*Pacific Langham, et. al.*

2022 L 8301

ORDER

This cause coming before the Court :

1. ☒ IT IS HEREBY ORDERED this case is set for trial on 2 / 6 / 25
at 10:00 a.m. in Courtroom 2005.

(4305)

2. ☐ IT IS HEREBY ORDERED this case is returned to Judge _____ on Motion
Calendar _____ for completion of all discovery prior to the trial date .This case is
set for case management on _____ at _____ in courtroom _____.

(8340)

3. ☐ IT IS HEREBY ORDERED this case is set for trial setting status on _____
at 10:00 a.m.   in Courtroom 2005.

(4428)

4. ☐ IT IS HEREBY ORDERED this case is set for prove-up on _____
at 10:00 a.m.   in Courtroom 2005.

(An order of default having been entered by Judge_____

against the defendant(s)_____

for having failed to appear or answer)     ( *Notice to be given to the defaulted party.*)

(4247)

**ENTERED**
Judge Patrick J. Sherlock-1942
on
NOV 12 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

5. ☐   IT IS HEREBY ORDERED this case is dismissed for want of prosecution.

(8005)

Other Π's Emergency Motion to Continue the November 13, 2023
trial due to engagement of Π's Counsel in a prior
trial is granted ; The November 13, 2023 trial date
is Stricken.

43C4

Atty. No: 99410
Name: LASLW
Atty. For
Address: 161 N. Clark St, Ste 2550
City: Chicago, IL
Telephone: (3) 380 - 7900

ENTER: _____

NOV ___ 2024

JUDGE: _____ #267

**Exhibit M**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOHN DOE,                                    )
                                             )
            Plaintiff,                       )
                                             )
    vs.                                      )        No. 2022 L 008301
                                             )
PACIFIC LANGHAM CHICAGO CORPORATION          )
                                             )
            Defendant.                       )

### ORDER

This matter coming to be heard for a jury trial, with the jury returning a verdict in favor of

Defendant Pacific Langham Chicago Corporation and against Plaintiff John Doe on his negligent

claim and willful and wanton claim, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

Judgement on the verdict is entered in favor of Defendant Pacific Langham Chicago

Corporation and against Plaintiff John Doe on all claims.

Judgment is further entered in favor of Defendant Pacific Langham Chicago Corporation

and against Plaintiff John Doe to recover Defendant's costs.

ENTERED
Judge James Varga-1643

FEB 27 2025

MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

_____ Judge

_____ Date

Jordan M. Tank
jmt@lipelyons.com
Lipe Lyons Murphy Nahrstadt & Pontikis Ltd.
230 West Monroe Street, Suite 2260
Chicago, Illinois 60606
(312) 448-6230
Attorney No. 49614

**Exhibit N**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Blair, et. al.

v.

Bd. of Ed. HF 233, et. al.

2022 L 10104

**ORDER**

This cause coming before the Court :

1. ☑ IT IS HEREBY ORDERED this case is set for trial on 3 /4 /2025 2024
   at 10:00 a.m. in Courtroom 2005.                                    (4305)

2. ☐ IT IS HEREBY ORDERED this case is returned to Judge _____ on Motion
   Calendar _____ for completion of all discovery prior to the trial date .This case is
   set for case management on _____ at _____ in courtroom _____.    (8340)

3. ☐ IT IS HEREBY ORDERED this case is set for trial setting status on _____
   at 10:00 a.m.  in Courtroom 2005.                                   (4428)

4. ☐ IT IS HEREBY ORDERED this case is set for prove-up on _____
   at 10:00 a.m.  in Courtroom 2005.                                   (4247)

   (An order of default having been entered by Judge_____ on _____

   against the defendant(s)_____

   for having failed to appear or answer)    ( *Notice to be given to the defaulted party* )

5. ☐ IT IS HEREBY ORDERED this case is dismissed for want of prosecution.    (8005)

Other _____

_____

_____

ENTER

AUG 0 5 2024

KATHY M. FLANAGAN #267

Atty. No: 98610
Name: LOSLW
Atty. For:
Address: 161 N. Clark St. Ste 2550
City: Chicago
Telephone: (B) 380-7900

ENTER: _____

JUDGE: _____

**Exhibit O**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| AMAYAH BLAIR and | ) | |
| JESSICA JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2022 L 010964 |
| | ) | |
| BOARD OF EDUCATION OF HOMEWOOD- | ) | **JURY DEMAND** |
| FLOSSMOOR COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 233, CLINTON ALEXANDER, | ) | Calendar E |
| Individually, and as Agent and/or Employee of | ) | |
| BOARD OF EDUCATION OF HOMEWOOD- | ) | |
| FLOSSMOOR COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 233, and DEENA CASSADY, | ) | |
| Individually, and as Agent and/or Employee of | ) | |
| BOARD OF EDUCATION OF HOMEWOOD- | ) | |
| FLOSSMOOR COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 233, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter coming to be heard upon the regular call of cases for Trial and it appearing to the Court that this cause has been settled by agreement of the parties:

IT IS HEREEBY ORDERED that the above-entitled cause be and the same is hereby dismissed with prejudice and without costs.

IT IS HEREBY ORDERED that the Court retains jurisdiction to effectuate the settlement, including enforcement, adjudication of liens, approval where necessary and any other pendant matters.

Voluntary mediation was not utilized in reaching this settlement

ENTER: _____          JUDGE: _____
                                                          The Honorable Nicole Patton

Atty. No. 99610
Law Offices of Stephanie L. White, P.C.
161 N. Clark Street, Suite 2550
Chicago, IL 60601
Tel. No. 312-380-7900

1

**Exhibit P**

| | |
|---|---|
| **From:** | Stephanie L. White |
| **To:** | Robbin, Daniel; Dan Fritz |
| **Subject:** | Re: Proposed M/Withdraw MTD and for Leave to file 1st Am. Complaint -- Jones v. State, 24cv3168 |
| **Date:** | Thursday, November 21, 2024 1:54:39 PM |

Daniel:

We are on trial thru this week. Can we touch base Monday? Weve been on trial since 11.1 so neither of us have gotten a chance to review it.

Stephanie L. White

*Justice *Integrity *Compassion

---

**From:** Robbin, Daniel <Daniel.Robbin@ilag.gov>
**Sent:** Thursday, November 21, 2024 10:59:04 AM
**To:** Stephanie L. White <SWhite@slw-law.com>; Dan Fritz <DFritz@slw-law.com>
**Subject:** Re: Proposed M/Withdraw MTD and for Leave to file 1st Am. Complaint -- Jones v. State, 24cv3168

Dear Stephanie and Dan,

Following up on this request to propose a briefing schedule to Judge Hunt on the pending motion to dismiss.

Any thoughts?

Sincerely,
Daniel

---

Daniel N. Robbin

Assistant Unit Supervisor, Prisoner Litigation

Government Representation | General Law

Office of the Attorney General

115 S. La Salle St.

Chicago, Illinois 60603

(312) 814-7199 (office)

(312) 848-7917 (cell)

---

**From:** Robbin, Daniel <Daniel.Robbin@ilag.gov>
**Sent:** Wednesday, November 20, 2024 3:04 PM
**To:** Stephanie L. White <swhite@slw-law.com>; Dan Fritz <dfritz@slw-law.com>

**Exhibit Q**

**Subject:** Re: Proposed M/Withdraw MTD and for Leave to file 1st Am. Complaint -- Jones v. State, 24cv3168

PS: I would propose 28 days and 14 to reply.


---

Daniel N. Robbin
Assistant Unit Supervisor, Prisoner Litigation
Government Representation | General Law
Office of the Attorney General
115 S. La Salle St.
Chicago, Illinois 60603
(312) 814-7199 (office)
(312) 848-7917 (cell)

---

**From:** Robbin, Daniel <Daniel.Robbin@ilag.gov>
**Sent:** Wednesday, November 20, 2024 3:02 PM
**To:** Stephanie L. White <swhite@slw-law.com>; Dan Fritz <dfritz@slw-law.com>
**Subject:** Re: Proposed M/Withdraw MTD and for Leave to file 1st Am. Complaint -- Jones v. State, 24cv3168

Stephanie, Dan:

I plan to file the attached motion to dismiss. I suspect you both will oppose? I need to state explicitly in the motion whether there is such opposition.

What briefing schedule should we request? I have to include such a schedule in the motion.

-Daniel


---

Daniel N. Robbin
Assistant Unit Supervisor, Prisoner Litigation
Government Representation | General Law
Office of the Attorney General
115 S. La Salle St.
Chicago, Illinois 60603
(312) 814-7199 (office)
(312) 848-7917 (cell)

---

**From:** Robbin, Daniel <Daniel.Robbin@ilag.gov>

**Sent:** Wednesday, September 4, 2024 5:50 PM
**To:** Stephanie L. White <SWhite@slw-law.com>; Dan Fritz <DFritz@slw-law.com>
**Subject:** Re: Proposed M/Withdraw MTD and for Leave to file 1st Am. Complaint -- Jones v. State, 24cv3168

Great, I'll get it on file. I'll add your signature block from your email here to the motion with your "e-signature."

Good luck tomorrow!

---
Daniel N. Robbin
Assistant Unit Supervisor, Prisoner Litigation
Government Representation | General Law
Office of the Attorney General
115 S. La Salle St.
Chicago, Illinois 60603
(312) 814-7199 (office)
(312) 848-7917 (cell)

---

**From:** Stephanie L. White <SWhite@slw-law.com>
**Sent:** Wednesday, September 4, 2024 5:47 PM
**To:** Robbin, Daniel <Daniel.Robbin@ilag.gov>; Dan Fritz <DFritz@slw-law.com>
**Subject:** [EXTERNAL] RE: Proposed M/Withdraw MTD and for Leave to file 1st Am. Complaint -- Jones v. State, 24cv3168

The proposed order is fine. Thank you for preparing it.

Stephanie L. White, *MSW, JD*
Law Offices of Stephanie L. White, P.C.
161 North Clark St.
Suite 2550
Chicago, IL 60601
Office: 312.380.7900
Fax: 312.312.7062
swhite@slw-law.com



**Law Offices of Stephanie L. White, P.C.**

**161 NORTH CLARK STREET**
**SUITE 2550**
**CHICAGO, IL 60601**
**312.380.7900**

---

**From:** Robbin, Daniel <Daniel.Robbin@ilag.gov>
**Sent:** Wednesday, September 4, 2024 5:42 PM
**To:** Stephanie L. White <SWhite@slw-law.com>; Dan Fritz <DFritz@slw-law.com>
**Subject:** Proposed M/Withdraw MTD and for Leave to file 1st Am. Complaint -- Jones v. State, 24cv3168

Dear Stephanie and Daniel,

Thank you so much for taking my call this afternoon. I'm glad we could talk. Attached is the proposed agreed motion we discussed. I'll leave it to you on how detailed you want paragraph 4 to be, where we ask that Plaintiff be given until 10/29 to file the amended complaint.

Also attached are the documents I referenced. These documents are from Mr. Jones's master file. When I get more documentation and when I get news that the clerk of the circuit court of Cook County has uploaded Mr. Jones's criminal case files to the CCC portal, I will let you know.

Sincerely,
Daniel Robbin

---
Daniel N. Robbin
Assistant Unit Supervisor, Prisoner Litigation
Government Representation | General Law
Office of the Attorney General
115 S. La Salle St.
Chicago, Illinois 60603
(312) 814-7199 (office)
(312) 848-7917 (cell)